1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

ERIC HOLLIS,

        Plaintiff,

   v.

WEATHERFORD US LP,

        Defendant.

_____

Case No.: 1:16-CV-0252- JLT

SCHEDULING ORDER (Fed. R. Civ. P. 16)

Pleading Amendment Deadline:  6/1/2016

Discovery Deadlines:
    Initial Disclosures: 4/26/2016
    Non-Expert:  9/23/2016
    Expert:  12/9/2016
    Mid-Discovery Status Conference:
    7/18/2016 at 10:00 a.m.

17
18
19
20

Non-Dispositive Motion Deadlines:
    Filing:  11/28/2016
    Hearing:  12/30/2017

21
22

Dispositive Motion Deadlines:
    Filing:  1/13/2017
    Hearing:  2/10/2017

23
24
25

Trial:  3/20/2017 at 8:30 a.m.
    510 19th Street, Bakersfield, CA
    Bench trial: 15 days

26
27

Pre-trial filings:
    Witness/Exhibit Lists: 3/13/2017
    Exhibit Binders: 3/17/2017

28

I.      **Date of Scheduling Conference**

        April 26, 2016.

II.     **Appearances of Counsel**

        Michael Cunningham appeared on behalf of Plaintiff.

        Sophia Behnia appeared on behalf of Defendant.

III.    **Pleading Amendment Deadline**

        Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **June 1, 2016**.

IV.     **Fictitiously-Named Defendants**

        All claims as to "Doe" Defendants, including any counterclaims and cross-claims, are hereby **DISMISSED**.

V.      **Discovery Plan and Cut-Off Date**

        The parties will exchange their initial disclosures required by Fed. R. Civ. P. 26(a)(1) on **April 26, 2016**.

        The parties are ordered to complete all discovery pertaining to non-experts on or before **September 23, 2016**, and all discovery pertaining to experts on or before **December 9, 2016**.

        The parties are directed to disclose all expert witnesses, in writing, on or **October 14, 2016**, and to disclose all rebuttal experts on or before **November 11, 2016**.  The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

        The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

        The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions

2

1   included in the designation.  Failure to comply will result in the imposition of sanctions, which may

2   include striking the expert designation and preclusion of expert testimony.

3         The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement

4   disclosures and responses to discovery requests will be strictly enforced.

5         The Court sets a mid-discovery status conference on **July 18, 2016** at 10:00 a.m.  Counsel

6   SHALL file a joint mid-discovery status conference report one week before the conference.  Counsel

7   also SHALL lodge the status report via e-mail to JLTorders@caed.uscourts.gov.  The joint statement

8   SHALL outline the discovery counsel have completed and that which needs to be completed as well as

9   any impediments to completing the discovery within the deadlines set forth in this order.  Counsel may

10  appear via CourtCall, providing a written notice of the intent to appear telephonically is provided to the

11  Magistrate Judge's Courtroom Clerk no later than five court days before the noticed hearing date.

12  **VI.    Pre-Trial Motion Schedule**

13        All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later

14  than **November 28, 2016**, and heard on or before **December 30, 2016**.  The Court hears non-

15  dispositive motions at 9:00 a.m. at the United States District Courthouse in Bakersfield, California.

16        **No motion to amend or stipulation to amend the case schedule will be entertained unless it**

17  **is filed at least one week before the first deadline the parties wish to extend.**  Likewise, no written

18  discovery motions shall be filed without the prior approval of the assigned Magistrate Judge.  A party

19  with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by

20  agreement the issues in dispute.  If that good faith effort is unsuccessful, the moving party promptly

21  shall seek a telephonic hearing with all involved parties and the Magistrate Judge.  It shall be the

22  obligation of the moving party to arrange and originate the conference call to the court.  To schedule

23  this telephonic hearing, the parties are ordered to contact Courtroom Deputy Clerk, Susan Hall at (661)

24  326-6620 or via email at SHall@caed.uscourts.gov.  **Counsel must comply with Local Rule 251 with**

25  **respect to discovery disputes or the motion will be denied without prejudice and dropped from**

26  **calendar.**

27        All dispositive pre-trial motions shall be filed no later than **January 13, 2016**, and heard no

28  later than **February 10, 2016**, before the Honorable Jennifer L. Thurston, United States Magistrate

3

Judge, at the United States District Courthouse in Bakersfield, California.  In scheduling such motions, **counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260**.

**VII.    Motions for Summary Judgment or Summary Adjudication**

**At least 21 days before** filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a motion; and, 6) to develop a joint statement of undisputed facts.

The moving party **SHALL** initiate the meeting and **SHALL** provide a complete, proposed statement of undisputed facts **at least five days before** the conference.  The finalized joint statement of undisputed facts **SHALL** include all facts that the parties agree, for purposes of the motion, may be deemed true.  In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion the moving party **SHALL** certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer.  **Failure to comply may result in the motion being stricken.**

**VIII.    Trial Date**

**March 20, 2017**, at 8:30 a.m. at the United States District Courthouse in Bakersfield, California, before the Honorable Jennifer L. Thurston, United States Magistrate Judge.

A.    This is a bench trial.

B.    Counsels' Estimate of Trial Time: 15 days.

C.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**IX.    Settlement Conference**

If the parties desire a conference with the Court, they may file a joint written request for a

settlement conference.  Alternatively, the parties may file a joint written request for referral to the Court's Voluntary Dispute Resolution Program.

## X.   Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial

Counsel SHALL meet and confer to attempt to reduce the number of witnesses needed at trial.

## XI.   Pretrial requirements

**No later than February 24, 2017**, counsel **SHALL** participate in an exhibit conference at which they will discuss any disputes related to the above listed exhibits and will pre-mark and examining each other's exhibits.

1.   At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits.  In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist.  Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference.

2.   At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence.  These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above.  Joint exhibits **SHALL** be admitted into without further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.).  Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The Parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered which is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits.  The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

1

**INDEX OF EXHIBITS**

2

3

**EXHIBIT#**          **DESCRIPTION**                                    **ADMITTED IN EVIDENCE**

4          3.        As to any exhibit which is not a joint exhibit but to which there is no objection to its

5    introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be

6    indexed as such on the index of the offering party.   Such exhibits will be admitted upon introduction

7    and motion of the party, without further foundation.

8          4.        Each exhibit binder shall contain an index which is placed in the binder before the

9    exhibits.   Each index shall consist of the exhibit number, the description of the exhibit and the three

10    columns as shown in the example below.

11                                       **INDEX OF EXHIBITS**

12

13    **EXHIBIT#    DESCRIPTION       ADMITTED       OBJECTION       OTHER**
                                       **IN EVIDENCE   FOUNDATION     OBJECTION**

14          5.        On the index, as to exhibits to which the only objection is a lack of foundation, counsel

15    will place a mark under the column heading entitled "Admissible but for Foundation."

16          6.        On the index, as to exhibits to which there are objections to admissibility that are not

17    based solely on a lack of foundation, counsel will place a mark under the column heading entitled

18    "Other Objections."

19          After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four

20    complete, legible sets of exhibits.  The parties **SHALL** deliver three sets of their exhibit binders to the

21    Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on **March 17, 2017.**

22    Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the

23    Courtroom Clerk.

24          7.        The Parties **SHALL** number each page of any exhibit exceeding one page in length.

25          **No later than March 13, 2017** counsel **SHALL** file a joint witness list and joint exhibit list.[1]

26    **No later than March 17, 2017**, counsel **SHALL** lodge any deposition transcripts or discovery

27

28    _____

[1] Any exhibits intended to be used in the party's case-in-chief that were not previously disclosed **SHALL** be provided to opposing counsel **no later than February 24, 2017.**

requests/responses that may be used at trial.

**XII.    Related Matters Pending**

     There are no pending related matters.

**XIII.    Compliance with Federal Procedure**

     All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules to efficiently handle its increasing case load, and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XIV.    Effect of this Order**

     The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

     **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

     Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

    Dated:   **April 26, 2016**         **/s/ Jennifer L. Thurston**
                                   UNITED STATES MAGISTRATE JUDGE