UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HOLLIS,<br><br>           Plaintiff,<br><br>      v.<br><br>WEATHERFORD US LP,<br><br>           Defendant. | Case No.: 1:16-cv-00252 - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF THE PRIVATE ATTORNEY GENERAL ACT SETTLEMENT AND DISMISSING THE ACTION WITH PREJUDICE<br><br>(Doc. 13) |

In this action, Eric Hollis contends Defendant Weatherford US LP was liable for violations of California wage and hour laws. Plaintiff sought to prosecute a claim under the Private Attorney General Act, and now seeks approval of the settlement of his claims pursuant to Cal. Labor Code §2699.3. (Doc. 13) For the reasons set forth below, Plaintiff's motion to approve the settlement is **GRANTED**.

**I.     Background**

Plaintiff was employed as a Completion Specialist by Weatherford US LP from March 2, 2012 to October 2, 2012. (*See* Doc. 6 at 3) During the course of his employment, he was classified as an exempt employee. (*Id.*) Plaintiff asserted that "Defendant failed to pay Plaintiff and other aggrieved employees wages for all hours worked, and failed to pay them overtime when required by law, all in violation of Labor Code §§ 510, 558, 1194 and 1199." (*Id.*) Plaintiff sought to recover penalties provided under the Private Attorney General Act, Cal. Labor Code § 2699(f) for these violations. (*Id.*)

The parties engaged in discovery, during which Defendant took the deposition of Plaintiff on September 15, 2016. (Doc. 13 at 3-4) At the deposition, Plaintiff "was presented with a severance and release agreement," and Plaintiff "acknowledged that prior to the initiation of his lawsuit against Defendant, he did in fact execute the severance agreement releasing Defendant from all claims related to his employment, including those related to his PAGA claim." (*Id.* at 4)  After the deposition, "the parties agreed to resolve both Plaintiff's individual claims, as well as his representative claims made under PAGA." (*Id.*) Specifically, "the parties agreed that Plaintiff would dismiss his PAGA claims and release Defendant from any liability related to his PAGA claims, in exchange for Defendant's agreement to waive any and all costs associated with the defense of the claims." (*Id.*)

The parties executed a settlement in November 2016. (Doc. 13-1) Plaintiff now seeks approval of the terms of the settlement related to his PAGA claim.

## II.     PAGA Claims

The California Legislative enacted the Private Attorney General Act ("PAGA") while as a "[r]espon[se] to a shortage of State funds and staffing to enforce State labor laws." *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 374 (2005). PAGA "allow[s] aggrieved employees, defined as any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed, to bring a civil action to collect civil penalties for [California] Labor Code violations." *Id.* at 374 (internal quotation marks omitted).

An individual suing under PAGA "does so as [a] proxy or agent of the state's labor law enforcement agencies." *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009). In other words, "an aggrieved employee's action under the PAGA functions as a substitute for an action brought by the government itself." *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 381 (Cal. 2014). Consequently, PAGA allows an employee to recover "civil penalties on behalf of the state against his or her employer for [California] Labor Code violations." *Id.* at 360 (emphasis added); *see also Villacres v. ABM Indus. Inc.*, 117 Cal. Rptr. 3d 398, 412 (2010) ("PAGA is limited to the recovery of civil penalties").

When a plaintiff settles a PAGA claim, the court must review the settlement related to claim and the payment of penalties. *See* Cal. Labor Code § 2699.3; *see also Lee v. Jung,* 2016 U.S. Dist.

LEXIS 136162 at *2 (N.D. Cal. Sept. 30, 2016) (explaining a settlement "is ineffective as to the … PAGA claims absent court approval"). "A court has discretion to approve the settlement of PAGA claims if the settlement would be 'fair.'" *See Lee,* 2016 U.S. Dist. LEXIS 136162 at *2 (citing *Nordstrom Commission Cases*, 186 Cal. App. 4th 576, 581 (2010)). The court may consider factors such as the merits of the action, the maximum recovery the plaintiff could obtain if the merits were decided in his favor, and "how and why [the] parties arrived at the settlement amount." *Id.* at *4-5 (citing *McKeen-Chaplin v. Franklin Am. Mortg. Co*., 2012 U.S. Dist. LEXIS 179635 at *9 (N.D. Cal. Dec. 19, 2012).

### III.    Discussion and Analysis

According to Plaintiff, "[t]he amount in controversy was relatively small, when compared to the cost and risk associated with continuing to litigate this matter." (Doc. 13 at 6) In addition, Plaintiff admits that he signed a severance and release agreement, under which he released "Defendant from all claims related to his employment, including those related to his PAGA claim." (*Id.* at 4) As a result, Plaintiff was "unlikely to obtain any recovery," and "there was a substantial likelihood that Defendant would prevail on summary judgment or at trial, resulting in a potential award of cost against Plaintiff." (*Id.* at 6)

Further, Plaintiff reports that the parties engaged in "several weeks of negotiations" to reach the agreement that the claims would be dismissed, "in in exchange for Defendant's agreement to waive any and all costs associated with the defense of the claims." (Doc. 13 at 4) According to Plaintiff, "[e]xperienced counsel, operating at arm's length, have weighed all of the foregoing factors and endorse the proposed settlement." (*Id.* at 6) Plaintiff's counsel asserts his belief that the settlement "was in the best interest of Plaintiff, and the State of California," because there was "a substantial chance of a defense verdict, and an award of costs in favor of Defendant." (*Id.*)

Given the admission of Plaintiff that Defendant was likely to prevail in light of the severance and release agreement, the merits of the action support the approval of the PAGA settlement. Likewise, the "arm's length" negotiations, which took place over several weeks and the experience of counsel support approval of the settlement.

///

### IV. Conclusion and Order

Based upon the foregoing, the Court finds the proposed settlement of the PAGA claim to be fair and reasonable. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion for approval of the settlement is **GRANTED**;
2. The Court approves and confirms the release and waiver of claims provided for in the Settlement Agreement (Doc. 13-1);
3. The action is hereby **DISMISSED WITH PREJUDICE**; and
4. Judgment **SHALL** be entered pursuant to the terms of the Settlement Agreement, with the Court retaining jurisdiction with respect to all matters related to the administration and implementation the Settlement Agreement and any and all claims asserted in, arising out of, or related to the subject matter of the lawsuit, including but not limited to all matters related to the settlement and the determination of all controversies relating thereto. Other than expressly provided by the Settlement Agreement, both parties shall bear their own costs and fees.

IT IS SO ORDERED.

Dated:  **January 12, 2017**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE